# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY LYNN HOOT, | ) | |
| | ) | |
| Petitioner/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-03068-CV-S-BP |
| | ) | |
| RONALD EDWARD HOOT, | ) | |
| | ) | |
| Respondent/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AT&T PENSION BENEFIT PLAN, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER AND OPINION DENYING THIRD-PARTY PLAINTIFF RONALD HOOT'S MOTION TO REMAND

This lawsuit, originally filed in state court, was removed to federal court by Third-Party Defendant AT&T Pension Benefit Plan (the "Plan") on the basis of federal question jurisdiction. Third-Party Plaintiff Ronald Hoot ("Mr. Hoot") then filed a Motion to Remand, (Doc. 8), which argues the Plan failed to remove this case within 30 days of being served. The Court finds that the Plan timely removed this case, and the motion is therefore **DENIED**.

## I. BACKGROUND[1]

This lawsuit originated in the Circuit Court of Christian County, Missouri as a dissolution of marriage proceeding between Mr. Hoot and Third-Party Plaintiff Kelly Hoot ("Ms. Hoot") (collectively, the "Hoots"). (Doc. 1-1, pp. 2-3.) As part of that proceeding, the state court entered

---

[1] The underlying facts are not entirely clear from the documents filed in this case. The following attempts to glean the relevant facts from those documents. All page numbers are those generated by the Court's CM/ECF system.

a 2004 Qualified Domestic Relations Order ("QDRO").[2] (*Id.*)  The QDRO directed how pension benefits under an employee welfare benefit plan would be distributed between the Hoots. (*Id.*)  As of December 2003, the benefits at issue were valued at $25,092.00. (*Id.*, p. 2.)

On February 23, 2018, and with leave of the state court, Mr. Hoot filed an Amended Motion to Modify Amended Judgment of Dissolution of Marriage—Qualified Domestic Relations Order. (Doc. 1-1, pp. 20-21.)  The motion joined the Plan as a party, and alleged that "all parties, and the [state] Court, agreed that Petitioner, then Mrs. Hoot, was awarded the plan value as of December 2003, in the amount of $25,092.00." (*Id.*, p. 21.)  The motion further alleged that the Plan "has neglected and refused to carry out the [state] court's QDRO as executed," and moved for an order compelling the Plan to comply with the QDRO. (*Id.*)  Mr. Hoot also sought an award of his attorneys' fees for the Plan's failure to comply.[3]

On February 14, 2019, the Plan removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1, pp. 3-6); 28 U.S.C. §§ 1331, 1441.  Although Mr. Hoot's motion does not expressly state a federal claim, the Notice of Removal argues that removal is proper because "ERISA completely preempts state law claims that concern the administration of a benefit plan governed by ERISA or seek recovery of benefits under an ERISA-governed Plan." (Doc. 1, p. 4 (citing cases)).

On March 6, 2019, Mr. Hoot filed the pending motion to remand. (Doc. 8.)  The motion does not argue a lack of federal question jurisdiction.  Instead, Mr. Hoot argues the Plan was served

---

[2] A QDRO is authorized by the Employee Retirement Income Security Act ("ERISA"), and generally "allows courts to recognize a nonparticipant spouse's community property interest in pension plans under specific circumstances." *Boggs v. Boggs*, 520 U.S. 833, 839 (1997) (citing 29 U.S.C. § 1056(d)(3)).

[3] Ms. Hoot filed a motion for leave to file a crossclaim against the Plan, but it does not appear that the state court ruled on this motion. (Doc. 1-1, pp. 42, 51.)  In addition, following removal Ms. Hoot's counsel sent an email to counsel for the Plan. The email states that absent new information, Ms. Hoot will not be asserting any claims against the Plan. (Doc. 11-1, p. 2.)  As a result, this Order focuses on Mr. Hoot's claim against the Plan.

on March 23, 2018, but failed to timely remove the case within 30 days of that service. *See* 28 U.S.C. § 1446(b). In response, the Plan argues that the individual served was not authorized to accept service on its behalf. The Plan further contends it first received notice of the claims asserted herein on January 15, 2019, and thus timely removed the case on February 14, 2019. The parties' arguments are addressed below.

## II. APPLICABLE LAW

A case filed in state court that arises under a federal statute may be removed to federal court. 28 U.S.C. § 1331; *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).[4] Specifically, 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal district court. 28 U.S.C. § 1441(a). To properly effectuate removal, the defendant must timely file a notice of removal with the federal district court. 28 U.S.C. § 1446.

As applicable here, the notice of removal "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The 30-day period for removal is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). A case should be remanded back to state court if the defendant fails to timely file a notice of removal. *Cox Contracting v. Sickle Cell Anemia Found. Inc.*, 627 Fed. App'x 582, 583 (8th Cir. 2016) (holding that "the district court properly remanded the case because the notice of

---

[4] The issue of federal question jurisdiction is addressed in a companion Order.

removal was untimely"); *Wexberg v. RBS Citizens Bank, N.A.*, 2016 WL 687845, at * 2 (E.D. Mo. Feb. 19, 2016) ("The section 1446(b) time limit, while not jurisdictional, is mandatory, and a timely motion to remand for failure to observe the thirty-day limit will be granted.") (citations and quotations omitted).

### III.  DISCUSSION

Under this framework, the dispositive issue is whether the Plan was properly served on March 23, 2018.  If it was, then the Plan's Notice of Removal filed on February 14, 2019, was untimely and remand is required.

Missouri law provides that service may be made "by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process."  Mo. Sup. Ct. R. 54.13(b)(3) (providing for service on a corporation, partnership, or unincorporated association); 54.14(b).[5]  A signed return of service is prima facie evidence of service, but this may be rebutted by clear and convincing evidence.  *Century Fin. Servs. Grp., Ltd. v. First Bank*, 996 S.W.2d 92, 93 (Mo. Ct. App. 1999); *see also Nationwide Ins. Co. of Am. v. Knight*, 2017 WL 2889487, at * 2 (E.D. Mo. July 6, 2017).

In support of his motion to remand, Mr. Hoot attached a return of service which suggests the Plan was served on March 23, 2018.  (Doc. 9-1.)  The summons contains the following address:

> AT&T Pension Benefit Plan
> Alias:  Fidelity Employer Services Company, LLC
> Fidelity Services Center
> P.O. Box 770003
> Cincinnati, OH  45277-0070.

---

[5] Missouri law governs the issue of service prior to removal.  *See Sommervold v. Wal-Mart, Inc.*, 709 F.3d 1234, 1235 (8th Cir. 2013) ("Because Sommervold initiated the action in state court and attempted to serve Wal–Mart prior to removal, South Dakota law governs whether service was sufficient.")

(*Id.*, p. 1.)  Immediately below this address is a deputy sheriff's signed affidavit of service. (*Id.*) According to the affidavit, Jacinta Figueroa, administrative assistant, was served on March 23, 2018, at 3805 Edwards Road, Suite 110, Hamilton County, Ohio.[6]  Mr. Hoot argues that this return of service shows the Plan was served and thus did not timely file its Notice of Removal.  (Doc. 9, pp. 1-2 (citing 28 U.S.C. § 1446(b)).

The Plan contends that this purported service was not effective.  In support of this argument, the Plan filed a declaration from Jeremy Siegel who is employed by AT&T Services, Inc. as Associate Director—Litigation Support & Appeals (Benefits).  (Doc. 12-1, p. 2, ¶ 2.)  Mr. Siegel explains as follows:  Neither Fidelity Service Center nor Ms. Figueroa have ever been authorized to accept service of process for the Plan, and neither is an officer, partner, or a managing or general agent for the Plan. (*Id.*, p. 3, ¶¶ 5-6.)[7]  The 3805 Edwards Road address in Ohio where Ms. Figueroa was purportedly served is not a business office of the Plan.  (*Id.*, pp. 3-4, ¶¶ 5-6.) The Summary Plan Description for the Plan provides that service may be made upon it at two different addresses.  (*Id.*, p. 3, ¶¶ 3-4.)  One address is in Texas and the other is in New York. (*Id.*, p. 3, ¶ 4.)  Finally, a copy of the summons and Mr. Hoot's state court motions "were first received by someone affiliated with the Plan on January 15, 2019."  (*Id.*, p. 4, ¶ 7.)

Mr. Hoot did not file a reply brief or any other responsive document that disputes or otherwise challenges Mr. Siegel's declaration. Consequently, based on Mr. Siegel's uncontroverted declaration, the Court finds the Plan has shown by clear and convincing evidence that it was not properly served on March 23, 2018.  *See, e.g.*, *Am. Cleaners & Laundry Co., Inc. v.*

---

[6] A cover letter to the Hamilton County Sheriff's Office specified that service should be made at 3805 Edwards Road, Suite 110, in Cincinnati, Ohio. (Doc. 9-1, p. 4.)

[7] Mr. Siegel states that the Fidelity Service Center, which has a P.O. Box in Cincinnati and a physical address in Kentucky, is the Plan's designated Beneficiary Designation Administrator and Recordkeeper. (Doc. 12-1, p. 3, ¶ 5.) This entity does not, however, have any authority to act as the Plan's authorized service agent. (*Id.*)

*Bio Star Films LLC*, 2009 WL 4559327, at * 2 (E.D. Mo. Nov. 30, 2009) (denying motion to remand in part based on affidavits that established defendant "was not properly served with process, [and thus] the thirty-day window for filing its Notice of Removal did not start"). Therefore, Mr. Hoot's motion to remand must be denied.

### IV. CONCLUSION

For the reasons set forth herein, the Motion to Remand, (Doc. 8), is **DENIED**.

IT IS SO ORDERED.

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
DATE: April 29, 2019      UNITED STATES DISTRICT COURT